ELECTRONICALLY FILED - 2021 Mar 30 11:44 AM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800591

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER<br><br>Joan A. Castagno,<br><br>      Plaintiff,<br><br>          v.<br><br>Pinewood Preparatory School,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>FOR THE FIRST JUDICIAL CIRCUIT<br><br>CASE NO:  2021-CP-18-_____<br><br><br>**SUMMONS** |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Respectfully submitted,

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger
8086 Rivers Avenue, Suite A
N. Charleston, SC  29406
(843) 553-9800
Attorney for Plaintiff

N. Charleston, South Carolina
This 30th day of March, 2021.

ELECTRONICALLY FILED - 2021 Mar 30 11:44 AM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800591

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER | IN THE COURT OF COMMON PLEAS<br>FOR THE FIRST JUDICIAL CIRCUIT |
| Joan A. Castagno, | CASE NO:  2021-CP-18-_____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |
| Pinewood Preparatory School, | |
| Defendant. | |

The Plaintiff complaining of the Defendant, alleges as follows:

## JURISDICTION AND PARTIES

1.   The Plaintiff, Joan A. Castagno, is a citizen and resident of Berkeley County, South Carolina.

2.   The Defendant, Pinewood Preparatory School, upon information and belief, is a domestic Non-Profit corporation organized and existing under the laws of the State of South Carolina and doing business in the County of Dorchester.

3.   The parties, matters, and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

4.   That approximately February 2015, the Plaintiff entered into a valid and enforceable contract with the Defendant.  Plaintiff was initially paid hourly for working approximetely 25 hours a week.

5.   Approximately three years into the Plaintiff's contract with Defendant, Plaintiff was asked to be Director of Pinewood Plus, which required Plaintiff to run the before and after school programs as well as the summer camp.  As was required of all full-time staff, in May of 2018, Plaintiff was asked to sign a written contract with an effective date of June 2018 to July 2019.

6.   On or about December 11, 2018, Plaintiff received an email from the new Head of School, Daniel Seiden, asking if Plaintiff was planning on returning the next year.

7.   After hiring the new headmaster enrollment had dropped and the headmaster indicated the Defendant was needing to cut costs.  On or about February 27, 2019, Plaintiff attended a meeting with Mr. Seiden and the Head of the Lower School, Rhett Frampton.  The Defendant demanded Plaintiff sign a new contact with a lower rate of pay ($18.00 per hour) and demanded that she sign the contract prior to March 8, 2019.

8.   On or about March 7, 2019, Plaintiff notified Human Resources, Julie Londergan, that she would accept the terms of the new contract as to the upcoming year July 2019 to July 2020.  Later that

ELECTRONICALLY FILED - 2021 Mar 30 11:44 AM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800591

day, Plaintiff was demoted from her position as Director of the Pinewood Plus Program.  Mr. Seiden also relayed to Plaintiff that her rate of pay was now $15.00 per hour effective immediately.

9.   On or about April 5, 2019, when the next pay period occurred, Plaintiff notified Defendant of her initiating the grievance process due to her contact being breached and her compensation being reduced in violation of her contract.

10.  On or about June 5, 2019, Plaintiff was terminated from employment with Defendant.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

11. The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

12. That on or about May 2018, the Plaintiff entered into a valid and enforceable contract with the Defendant.

13. That the Defendant breached the contract with the Plaintiff by failing to pay to the Plaintiff the agreed upon amount of compensation.  Because Plaintiff refused to accept lesser pay, she was then demoted from her position as Direct of the Pinewood Plus Program.

14. That the Defendant has made it clear that they do not intend to honor the contract between the parties.

15. That by reason of the breach of contract the Plaintiff has been damaged and is entitled to actual damages and punitive damages.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT

16.  The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

17. The Defendant wrongfully withheld the Plaintiff's wages and the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

18. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

19. Defendant did not give Plaintiff 15 days written notice her pay was going to be reduced as required by the statute.

ELECTRONICALLY FILED - 2021 Mar 30 11:44 AM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800591

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

20. The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

21. The Plaintiff was working for the Defendant and accrued earned wages. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

22. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

23. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

24. The Plaintiff was also terminated in retaliation for complaining about not getting paid her wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

25. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

**WHEREFORE**, the Plaintiff prays for a Judgment against the Defendant for actual damages, punitive damages, as the tier of fact may find, attorney fees and the costs of this action and any further relief as this Court deems just and proper.

**WIGGER LAW FIRM, INC.**


*s/Jarrel L. Wigger*
Jarrel L. Wigger
8086 Rivers Avenue, Suite A
N. Charleston, SC  29406
(843) 553-9800
Attorney for Plaintiff


N. Charleston, South Carolina
This 30th day of March, 2021.